■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN QUINONES, Appellant.—Judgment, Supreme Court, Bronx County (Edward Davidowitz, J., at hearing, trial and sentence), rendered April 25, 1988, convicting defendant of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and assault in the second degree (Penal Law § 120.05 [6]) and sentencing him to concurrent indeterminate prison terms of from 5 to 15 years and from 2⅓ to 7 years, respectively, is unanimously affirmed.

On November 27, 1987, defendant threatened the complainant with a knife and repeatedly demanded her car keys. A struggle ensued and the defendant punched complainant in the mouth. Defendant entered the complainant's car, sat in the driver's seat, and attempted to drive away. Two police officers witnessed the attack and arrested the defendant while he was still in the car. The complainant's car keys were retrieved from the defendant's pocket following his arrest.

The defendant argues that he did not intend to permanently deprive the complainant of her property (Penal Law § 160.00) and that the specific intent necessary to convict him of the crime of attempted robbery was not proven beyond a reasonable doubt.

We disagree. Intent can be " 'inferred from the defendant's conduct and the surrounding circumstances' ". *(People v Bracey,* 41 NY2d 296, 301 [1977], *rearg denied* 41 NY2d 1010, quoting La Fave & Scott, Criminal Law § 59, at 429, n 80.) The defendant was seen stalking complainant's vehicle, struck complainant, repeatedly demanded her car keys, and was apprehended behind the driver's seat with the car keys in his possession. The jury reasonably concluded that this conduct by the defendant evinced an intent to permanently deprive the complainant of her property. *(See, People v Jennings,* 69 NY2d 103, 118-119 [1986].) Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.